PENDLETON, President,
delivered the resolution of the court, as follows:
Two small objections were made to the proceedings in the cause, namely, that there was no plea as to one of the defendants, nor any issue as to another: neither of which the court thinks material. Eor, if they were errors at all, they were the errors of the clerk, and amendable. But the court is of opinion they cannot be regarded as errors, under the circumstances-of the case. Eor there were three defendants, who appeared at different times, and each of them offered himself as defendant to the whole tract. Their defences therefore were separate and not joint; andas Hambleton stood first in the order of time, and the issue as to him, was properly joined as to the entire tract, judgment might properly be rendered against him for the whole, if the plaintiff made out his case and proved himself entitled to recover, leaving the questions untouched as to the other defendants, who consequently can have no reason to complain, as they will have an opportunity of contesting the pase upon the merits, whenever the issues are made up, and tried as to them.
The principal points arise upon the bill of exceptions, which presents the following case:
The defendants offered eight pieces of evidence to the jury, namely, 1. A copy of the proclamation of George the third, that lands would be granted to certain officers and soldiers. *2. The testimony of sundry witnesses to shew, that the deed of the lessor of the plaintiff was granted to Sarah Gibbs, representative of John M’Nelly, deceased, and not to the soldier himself, as was made necessary by the proclamation. 3. The testimony of the same witnesses to prove that there never was a survey made by any county surveyor properly commissioned, and that the lessor of the plaintiff (the patentee) was actually privy thereto, and procured a plat to be returned without a survey actually made. 4. The testimony of two other witnesses to prove an actual settlement by Isaac Cox before the warrant to Gibbs. 5. An order of council protecting actual settlers of land on the western waters against the right of the officers and soldiers. 6. An instrument of writing purporting to be an assignment from Isaac Cox of his settlement to the defendant John Decker. 7. The original book of the commissioners, under the act of 1779, recognizing the right of settlement in Cox by certificate, as prior to the time mentioned in that law. 8. A deed from the governour in pursuance of that certificate. Upon this evidence being offered by the defendants, the district court rejected it all, except the deed, as it is called, from the governour. The jur3r then found a verdict for the plaintiff for the lands in the declaration, and the district court gave judgment accordingly. The question therefore is, whether the district court erred in rejecting the evidence? This court has reflected on the case, and approves of the opinion of the district court as to all the evidence, except that which tended to prove that the patent issued without a survey actually made; for, if the patent did, in fact, issue without a previous survey actually made, it was void in law; and therefore that part of the testimony ought *706 to have been received; and .the court below erred in not permitting it to go to the jury.
The judgment, consequently, is to be reversed, and the following is to be the entry:
“The court is of opinion, that the said judgment is erroneous in this, that the said district court ought to have permitted *the appellants to give evidence that the appellee procured the plot, on which his patent was obtained, to be returned to the office, knowing that an actual survey of the land had not been made; and which, if proved, would, in the opinion of this court, make the grant void at law: Therefore it is considered by the court, that the said judgment be reversed and annulled, and that the appellants recover, against the lessor of the appellee, their costs by them expended in the prosecution of their appeal aforesaid here. And it is ordered that the jurors’ verdict be set aside; that a new trial be had between the parties; and that the district court, upon such trial, do admit the evidence aforesaid to be entered into; but none of the other matters offered by the defendants in evidence on the former trial and rejected by the court.”